# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| IN RE: PE CORPORATION SECURITIES | : | Master File No. 3:00CV705(CFD) |
| LITIGATION | : | |
| | : | FEBRUARY 25, 2004 |
| | : | |
| | : | |

## DEFENDANTS' SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
(212) 455 2502 (fax)

DAY, BERRY & HOWARD LLP
One Canterbury Green
Stamford, CT 06901
(203) 977-7300
(203) 977-7301 (fax)

## I.    PLAINTIFFS HAVE FAILED TO ESTABLISH THAT COMMON QUESTIONS WILL PREDOMINATE AT TRIAL OF THIS ACTION.

Plaintiffs continue to litigate this case as if it were an ordinary securities class action in which an issuer was accused of misreporting its internal financial results to investors. Class certification could be appropriate in such cases, where a trial would be dominated by factual inquiries concerning the issuer's true internal financial condition, facts which could not be known to the ordinary investor.

This case, however, involves one of the most widely publicized endeavors in the history of science – the sequencing of the human genome. Plaintiffs allege that Defendants failed to disclose that Celera discussed, but did not agree to, a potential collaboration with the Human Genome Project ("HGP"). The potential collaboration – and the reasons the collaboration never happened – were widely and repeatedly reported in major national news publications *prior to the Secondary Offering*.

To sustain their burden under Rule 23(b) on this motion for class certification, Plaintiffs must convince the Court that at a trial of this action, common questions of law or fact will *predominate* over individualized issues. A class cannot be certified in this case because individualized issues concerning each class member's knowledge will predominate at trial. The fact that Celera and the HGP discussed, but did not agree to, a potential collaboration was publicly disclosed *prior to the Secondary Offering* in numerous major national news publications. These publications included The New York Times, The Chicago-Tribune, The Los Angeles Times, USA Today, and the Associated Press. Opp. Br. at 5-10.[1] Thus, as explained fully in Defendants' opposition brief, some overwhelming percentage of the class knew, or

---

[1]    These same publications also disclosed the reasons that a collaboration between Celera and the HGP did not happen.

should have known, of the very information which Plaintiffs (wrongly) claim Defendants should

have disclosed in connection with the Secondary Offering.  Opp. Br. at 5-10.[2]

Plaintiffs seek to confuse the issue in an attempt to save their class certification

motion.  More specifically, Plaintiffs assert that Defendants improperly ask the court to address

the merits of a "truth on the market" defense at the class certification stage.  Reply at 5-8.

Plaintiffs' assertion is quite remarkable given that Defendants have *never* raised a truth on the

market defense – not in Defendants' answer or motion to dismiss, or in response to Plaintiffs'

motion for class certification.  Defendants did not assert the "truth on the market" market defense

for good reason – the defense is only applicable to cases brought under Section 10(b) of the

Securities Exchange Act, not under Section 11 or Section 12 of the Securities Act.  *See In re*

*Vivendi Universal, S.A. Sec. Litig.*, No. 02 Civ. 5571, 2003 U.S. Dist. LEXIS 19431, at *61

(S.D.N.Y. Nov. 4, 2003) ("truth on the market" is a defense to claims brought under S.E.C. Rule

10b-5 and § 10(b) of the Securities Exchange Act of 1934).[3]

Defendants **do not** in this motion ask the Court to determine whether the class

members in fact had knowledge of the alleged omission.  Rather, Defendants' position is that a

class cannot be certified because there is a real and substantial likelihood that individual issues

---

[2]     As explained in Defendants' opposition brief, it is an affirmative defense under Sections 11 and 12 if Defendants can prove that purchasers of Celera stock were aware of the alleged omission at the time of the Secondary Offering.  Opp. Br. at 17.

[3]     The only case cited by Plaintiffs which addresses a truth on the market type defense in a case involving class certification of a Section 11 claim is *In re Western Union Sec. Litig.,* 120 F.R.D. 629 (D.N.J. 1988).  Contrary to Plaintiffs' assertion, the *Western Union* court did not place any significance on the source of curative disclosures.  Defendants sought to end a proposed Section 11 class period when allegedly curative information was disclosed to the market.  *Id.* at 641.  The *Western Union* court rejected defendants' argument because it had been "presented with no evidence" that the allegedly misleading information had been cured.  *Id.*  In this case, the Court has been presented with no less than 20 major national news articles and government-issued press releases disclosing the allegedly omitted information prior to the Secondary Offering.  Opp. Br. at 5-10; Affidavit of Terence J. Gallagher dated December 29, 2003 ("Gallagher Aff."), Exs. A - S.  Copies of unreported authority are attached hereto as Ex. C.

concerning each purchaser's knowledge of the allegedly omitted fact would predominate at a trial of this case.  The repeated disclosure of the allegedly omitted information in major national news publications dictates that class certification should be denied because an affirmative defense will "become the focus of the litigation."  *Walker v. Asea Brown Boveri, Inc.,* 214 F.R.D. 58, 64 (D. Conn. 2003) (quoting *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 59 (2d Cir. 2000)).[4]  Predominance is even more lacking in a case where, as here, Defendants have made a *prima facie* showing that each and every class member is subject to an individualized affirmative defense.

## II.     DAVID BERLIN'S DISCOVERY TACTICS RENDER HIM AN INADEQUATE CLASS REPRESENTATIVE.

David Berlin cannot be certified as an adequate class representative because he has repeatedly ignored his obligations under the discovery provisions of the Federal Rules of Civil Procedure.  Most significantly, Berlin failed to produce during class discovery a critical trade confirmation that he now claims establishes his membership in the class he seeks to represent, instead sandbagging Defendants by producing the trade confirmation *for the first time* with Plaintiffs' reply brief.

---

[4]     Equally lacking in merit is Plaintiffs' assertion that the Court's denial of Defendants' motion to dismiss constitutes law of the case on the issue of whether Plaintiffs have standing under Section 12(a)(2) (and thus that their claims are typical of the class).  The Court denied Defendants' motion by endorsement and did not write an opinion addressing Defendants' argument that Plaintiffs lack standing under Section 12(a)(2).  Where a court did not consider an issue, the law of the case doctrine does not apply.  *See Cont'l Cas. Co. v. New York Mortgage Agency*, No. 94 Civ. 8408, 1998 U.S. Dist. LEXIS 12784, at *52 (S.D.N.Y. Aug. 18, 1998) (where issue was not addressed by the court on defendants' motion to dismiss, doctrine of law of the case inapplicable).  This is especially true with respect to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See, e.g., Constr. & Gen. Laborers' Local Union No. 230 v. City of Hartford,* 153 F. Supp. 2d 156, 159 (D. Conn. 2001) ("The function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.") (internal citations omitted).  The standard for class certification is dramatically different.  At the class certification stage, it is the plaintiff who bears the burden of demonstrating that the requirements of Rule 23 have been satisfied.  *See Caridad v. Metro-North Commuter R.R.,* 191 F.3d 283, 291 (2d Cir. 1999).

During class discovery, Defendants requested on three separate occasions that Plaintiffs produce trade confirmations for all of Berlin's purchases and sales of Celera stock so that Defendants could ascertain whether Berlin was a member of, and an appropriate representative for, the proposed class of Celera purchasers.  Defendants made the following requests:

- On August 11, 2003, Defendants served Plaintiffs with a document request seeking, *inter alia,* production of all documents "concerning each purchase, or other acquisition, of any security of PE Corp., or option to purchase any security of PE Corp., by Plaintiffs."  Supplemental Affidavit of Terence J. Gallagher, dated February 25, 2004 (Attached hereto as Ex. A.)

- At his deposition on November 11, 2003, Defendants again requested that Berlin produce a complete copy of his trade confirmation.  Berlin Tr. at 73:4-7 (Gallagher Aff. Ex. U)

- In a letter dated November 21, 2003, Defendants requested for a third time that Berlin produce complete copies of all trade confirmations (Attached hereto as Ex. B.)

Notwithstanding these repeated requests, Plaintiffs failed to produce a complete copy of Berlin's trade confirmation *until they served their reply brief* on February 17, 2004.[5]  Nowhere in their lengthy brief do they address the fact that Defendants requested this specific document on three separate occasions but were not given the opportunity to review it until it was filed with the Court.[6]

---

[5]     *See* Affidavit of Brian C. Fournier, dated February 17, 2004, Exhibit F.

[6]     Similarly, Berlin continues to refuse to produce trade confirmations for *admitted* transactions in Celera stock in his children's UGTMA accounts.  Berlin controls these accounts and makes all investment decisions, yet he refuses to produce any documentation relating to these accounts.  As such, this Court cannot determine from a record made incomplete by the proposed fiduciary himself whether Berlin is an adequate representative.  For example, Berlin might have engaged in short selling of Celera stock in these accounts, which could have earned him a substantial profit and thereby rendered him inadequate to represent a class of investors claiming to have lost money on their investment in Celera.

Berlin's trade confirmation is particularly critical because it is the only document that Plaintiffs rely upon to show that Berlin purchased stock in the Celera Secondary Offering from an underwriter and that his claims are therefore typical of the class he proposes to represent.  As discussed at length in Defendants' opposition, a class representative acting as a fiduciary must be willing and able to comply with important discovery obligations.  *See generally,* Opp. Br. at 41-42; *Darvin v. Int'l Harvester Co.*, 610 F. Supp. 255, 257 (S.D.N.Y. 1985) (plaintiff who failed to comply with reasonable discovery requests was not suitable to fulfill the fiduciary obligations of a class representative).

## III.    PLAINTIFFS HAVE FAILED TO ESTABLISH THAT VINH VUONG'S CLAIMS ARE TYPICAL OF THE CLASS.

Plaintiffs admit that Vuong has failed to establish that he is even a member of the proposed class, let alone an adequate representative whose claims are typical.  Reply at 21-22.  Specifically, Plaintiffs concede in their reply that there is, at best, "a genuine issue of fact" as to whether Vuong's shares were purchased in or traceable to the Secondary Offering.  *Id.*  Plaintiffs' burden on class certification is not to identify issues of material fact; it is to convince this Court that Vuong is, at the very least, a member of the class he seeks to represent.

Plaintiffs make excuses for the fact that they have failed to establish that Vuong's purchases are traceable to the Secondary Offering.  *Id.* at 17-18, 22.  More specifically, Plaintiffs contend that there is a "relatively undeveloped evidentiary record" as to whether Vuong's shares were purchased in or traceable to the Secondary Offering and that the Court should defer a ruling on the issue until trial.  *Id.* at 22.  This Court should not countenance Plaintiffs' effort to avoid their burden under Rule 23.  Contrary to Plaintiffs' assertion, there in fact has been a thorough period of discovery focused solely on class certification issues, including:

- Defendants' document request on class certification issues;

- Plaintiffs' responses and objections;
- Plaintiffs' document production; and
- Depositions of both lead plaintiffs.

If, at the end of class certification discovery, Plaintiffs cannot show that Vuong purchased Celera stock in the Secondary Offering (*i.e.,* that his claims are typical of the class), then Plaintiffs' class certification motion must be denied because it is Plaintiffs' burden to show that all of the requirements of Rule 23 have been satisfied. *See Caridad,* 191 F.3d at 291. This burden must be satisfied with evidentiary support – mere speculation is insufficient. *See Edge v. C. Tech Collections, Inc.*, 203 F.R.D. 85, 89 (E.D.N.Y. 2001) (class certification denied where allegations of numerosity were "pure speculation").[7] After extensive discovery involving document requests and responses, document productions, and depositions, Plaintiffs have not been able to demonstrate that Vuong purchased Celera stock in the Secondary Offering and that his claims are typical of the class he seeks to represent.[8]

---

[7]    For example, Plaintiffs attempt to spin Vuong's admission that he did not receive a prospectus by responding that "he very well could have forgotten" that a prospectus was sent to him. This contention is similarly insufficient to satisfy Rule 23. Rank speculation by Vuong's counsel that contradicts sworn testimony is no basis for certifying a class. *See id.*

[8]    Not only have Plaintiffs failed to show that Vuong is an adequate representative of the proposed Section 11 class, they have also failed to show that he has standing to assert the Section 12 claims. *See* Opp. Br. at 22-25 and note 4, *supra.*

## CONCLUSION

For the foregoing reasons as well as the reasons set forth in Defendants'

Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification, Defendants PE

Corporation (n/k/a as Applera Corporation), Tony White, Dennis Winger, and Vikram Jog

respectfully request that this Court deny Plaintiffs' motion for class certification.


Respectfully submitted,


OF COUNSEL:

Michael J. Chepiga (CT 01173)
Robert A. Bourque (CT 05269)
William M. Regan (CT 25100)
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY  10017
(212) 455-2000
(212) 455 2502 (fax)
mchepiga@stblaw.com

DEFENDANTS PE CORPORATION,
TONY L. WHITE, DENNIS L. WINGER
and VIKRAM JOG


By: _____
Stanley A. Twardy, Jr. (CT 05096)
Thomas D. Goldberg (CT 04836)
Terence J. Gallagher (CT 22415)
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901
(203) 977-7300
(203) 977-7301 (fax)
tdgoldberg@dbh.com (e-mail)