UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| IN RE: PE CORPORATION SECURITIES LITIGATION | : <br> : <br> : **Master File No. 3:00CV705(CFD)** <br> : **AUGUST 11, 2003** <br> : <br> : |

## DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS RELATING TO CLASS CERTIFICATION ISSUES

Defendants PE Corporation (n/k/a Applera Corporation), Tony L. White, Dennis

L. Winger and Vikram Jog (collectively "Defendants"), by and through their undersigned

attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby propound the

following document requests (the "Requests") upon plaintiffs. The documents requested herein

are to be produced for inspection and copying at the offices of Simpson Thacher & Bartlett LLP,

425 Lexington Avenue, New York, NY, 10017 on or before September 10, 2003.

### DEFINITIONS

1.      The full text of the definitions and rules of construction set forth in Rule

26 of the Local Rules of Civil Procedure of the District of Connecticut are deemed incorporated

herein.

2.      "Plaintiffs" means each of the lead plaintiffs, whether individually,

collectively, or in a representative capacity, their predecessors in interests, their successors in

interest, their representatives, agents, attorneys, heirs, assigns, and where applicable, officers,

directors, employees, partners, corporate partners, subsidiaries, parents or affiliates.

3.      "PE Corp." means PE Corporation (n/k/a Applera Corporation), its

predecessors in interest, its successors in interest, its representatives, agents, heirs, assigns, and

where applicable, officers, directors, partners, corporate partners, subsidiaries, parents or

affiliates. As of February 29, 2000, the equity securities of PE Corp. were comprised of two tracking stocks: (i) PE Corporation – PE Biosystems Common Stock; and (ii) PE Corporation - Celera Genomics Group Common Stock.[1] A tracking stock is an equity security the performance of which is intended to reflect particular assets of an issuer.   To the extent any of these requests call for documents concerning PE Corp. securities, such requests shall include PE Corporation. – Celera Genomics Group Common Stock and PE Corporation – PE Biosystems Group Common Stock.

4.     "Defendants" means PE Corporation (n/k/a Applera Corporation) and the Individual Defendants,

5.     "Individual Defendants" means Tony L. White, Dennis L. Winger and Vikram Jog.

6.     "HGP" means the Human Genome Project, a consortium of research institutions that were engaged in sequencing the human genome and were funded in part by the United States Department of Energy and the National Institutes of Health (United States Department of Health and Human Services).

7.     "Document" means document as that term is defined and used in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26 of the Local Rules of Civil Procedure for the District of Connecticut and includes, without limitation, all writings of any kind, graphic or oral records on representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, videotapes, recordings and motion pictures), and any

---

[1]     The tracking stocks are currently known as Applera Corporation – Applied Biosystems Common Stock and Applera Corporation - Celera Genomics Group Common Stock. To the extent any of these requests call for documents concerning PE Corp. securities, such requests shall include Applera Corporation. – Celera Genomics Group Common Stock and Applera Corporation – Applied Biosystems Group Common Stock.

electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings and computer programs and memories) from which information can be obtained or translated.

8.    "Person" includes any natural person or any business, legal or governmental entity or association.

9.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

10.    "Complaint" means the First Amended Consolidated Class Action Complaint dated August 20, 2001.

11.    "Communication" refers to every manner of transmitting or receiving information, opinions and thoughts, whether orally, in writing or otherwise.

12.    "Securities" or "security" has the same meaning as "security" in 15 U.S.C. §776(a)(i), and shall include, without limitation, common stock and ADRs.

## INSTRUCTIONS

13.    In providing the documents called for by these Requests, Plaintiffs are requested to produce them as they are kept in the usual course of business or organize and label them to correspond with the categories to which they relate.

14.    All pages now stapled or fastened together should be produced stapled or fastened together and all documents which cannot be legibly copied should be produced in their original form.

15.    These Requests are intended to cover all documents in Plaintiffs' possession, custody or control.

16.    If any document designated below is withheld on the basis of any claim of privilege or otherwise, please provide in writing the following information about each such

document: (i) its date, (ii) the name, position and address of its author, (iii) the name, position, and address of each person who received the document or copies thereof, (iv) the subject matter and type of document (memorandum, letter, etc.), and (v) the nature of the privilege claimed and the grounds therefore (e.g., attorney/client privilege, work product doctrine, etc.).

17.    The terms "all" and "each" shall be construed as all and each.

18.    The use of the singular form of any word includes the plural and vice versa.

19.    The Requests shall be construed as continuing.  Plaintiff shall promptly supplement its responses to these Requests whenever any other responsive document not previously produced becomes known to Plaintiffs.

20.    If in answering these Requests Plaintiff claims any ambiguity in interpreting either the Requests or a definition or instruction applicable thereto, such claim shall not be utilized by Plaintiff as a basis to refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Requests.

21.    Plaintiffs shall produce documents responsive to these requests to the extent any such documents were created, prepared or obtained during the period May 6, 1999 through September 26, 2001.

## REQUESTS

1.    All documents concerning each purchase, or other acquisition, of any security of PE Corp., or option to purchase any security of PE Corp., by Plaintiffs.

2.    All documents concerning any sale, or other disposition, of any security of PE Corp., or option to sell any security of PE Corp., by Plaintiffs.

3.    All documents concerning the amount of Plaintiffs' investment in, profit from, or loss due to each purchase, acquisition, sale or disposition of any security of PE Corp., or option to purchase or sell any security of PE Corp.

4.    All documents relied upon by Plaintiffs in connection with the purchase, acquisition, sale or disposition of any PE Corp. security, or option to purchase or sell any security of PE Corp.

5.    All documents reviewed, seen by, distributed to or made available to each Plaintiff in connection with the purchase, acquisition, sale or disposition of any security of PE Corp., or option to purchase any security of PE Corp.

6.    All documents concerning each transaction in any security of PE Corp., or option to purchase any security of PE Corp., including (but not limited to) any materials provided to Plaintiffs by any brokerage firm, dealers, investment advisors, and all "confirms," confirmations or account statements provided in connection with such transactions.

7.    All documents concerning PE Corp., its financial statements or public filings, the past or present members of PE Corp.'s board of directors, and PE Corp.'s past or present officers, employees, shareholders, agents or representatives or the claims in this action..

8.    All documents concerning any other litigation or administrative proceeding involving any of the Plaintiffs arising from or related to the purchase or sale of any security, or the option to purchase or sell any security, including but not limited to any security of PE Corp.

9.    All documents or communications concerning any payment (including any bonus fee or reimbursement of expenses) of any kind, which exceeds Plaintiffs' pro rata share of

5

recovery (based on Plaintiffs' stock ownership), in connection with Plaintiffs' acting as class representatives in this action.

10.    All documents concerning Plaintiffs' investment strategies, goals or methods.

11.    Each and every complaint and/or certification filed or served in any state or federal court in which any Plaintiff is named as a party in a class action or derivative suit, including, but not limited to, *In re The Children's Place Securities Litigation* in which Plaintiff David Berlin served as lead plaintiff.

12.    All documents concerning any lawsuit or arbitration brought by or against any Plaintiff under federal or state securities laws, including but not limited to any affidavit, deposition transcript or trial testimony of any Plaintiff in any such lawsuit, including, but not limited to, *In re The Children's Place Securities Litigation* in which Plaintiff David Berlin served as lead plaintiff.

13.    All documents that reflect, refer or relate to payments by Plaintiffs for legal services, costs and/or disbursements in any of the actions referred to in paragraph 12 above.

14.    All documents concerning the amount of damages allegedly suffered by Plaintiffs as a result of Defendants' conduct as alleged in the Complaint or otherwise.

15.    All documents concerning any formula or method of computation used to calculate the damages sustained by the proposed class from the acts set forth in the Complaint or otherwise.

16.    All documents concerning any effort undertaken by Plaintiffs, or taken on behalf or Plaintiffs, to identify the members of the proposed class.

17.    All documents concerning any communication that has occurred between Plaintiffs and any actual or potential member of the proposed class concerning PE Corp. or its securities.

18.    All documents concerning any authorization or lack of authorization from any member of the proposed class to institute this action or serve as the proposed class's representative.

19.    All documents concerning the employment or retainer of counsel by Plaintiffs in this action, including but not limited to any arrangement:

    (a)    to pay a fee, including a legal fee, to anyone with respect to this action;

    (b)    concerning the person who will advance and who is responsible for payment of the costs and expenses incurred in connection with prosecution of this action;

    (c)    concerning the person who will share in recovery, if any, realized in this action; or

    (d)    to share a fee in this action with any person not a member of Plaintiffs counsel's firm.

20.    All documents concerning each source of funds to be used in prosecuting this action on behalf of the proposed class.

21.    All documents concerning communications between Plaintiffs and:

    (a)    any present or former director, officer or employee of PE Corp.;

    (b)    any attorney for PE Corp.;

    (c)    any other named Defendant; or

7

(d)     any attorney other than Plaintiffs' own, concerning PE Corp. or its securities.

22.     All documents concerning Plaintiffs involvement or participation in responding to these Requests.

23.     All documents concerning Plaintiffs' knowledge of facts alleged in the Complaint.

24.     All documents concerning Plaintiffs' knowledge or familiarity with proceedings in this action to date.

25.     All documents in Plaintiffs' possession relating to this action to date.

26.     All documents relating to Plaintiffs' knowledge of the December 29, 1999 meeting between PE Corp. and the HGP.

27.     All documents relating to Plaintiffs' knowledge of the March 6, 2000 Los Angeles Times article relating to discussions between PE Corp. and the HGP.

28.     All documents relating to communications between Plaintiffs' and any U.S. or U.K. government representative, or between Plaintiffs' and any representative of the HGP, concerning PE Corp.

OF COUNSEL:

Michael J. Chepiga (CT 01173)
Robert A. Bourque (CT 05269)
William M. Regan, Esq.
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, NY  10017
(212) 455-2000
(212) 455 2502 (fax)
mchepiga@stblaw.com

DEFENDANTS PE CORPORATION,
TONY L. WHITE, DENNIS L. WINGER
and VIKRAM JOG

By: _____
Stanley A. Twardy, Jr. (CT 05096)
Thomas D. Goldberg (CT 04836)
Terence J. Gallagher (CT 22415)
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901
(203) 977-7300
(203) 977-7301 (fax)
tdgoldberg@dbh.com (e-mail)

9

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by overnight courier, postage prepaid, this 11th day of August, 2003, to:

J. Daniel Sagarin, Esq.                    Sanford P. Dumain, Esq.
Hurwitz & Sagarin, LLC                     Carlos F. Ramirez, Esq.
147 N. Broad Street                        Milberg Weiss Bershad Hynes & Lerach LLP
P.O. Box 112                               One Penn Plaza – 49th Floor
Milford, CT 06460                          New York, NY 10119

     Liaison Counsel                               Lead Counsel for Plaintiffs

Terence J. Gallagher