LEXSEE 2005 USDISTLEXIS 81

**DUPONT FLOORING SYSTEMS, INC., Plaintiff, -against- DISCOVERY ZONE, INC., Defendant.**

98 Civ. 5101 (SHS)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2005 U.S. Dist. LEXIS 81*

January 4, 2005, Decided
January 5, 2005, Filed

**PRIOR HISTORY:** *Dupont Flooring Sys. v. Discovery Zone, Inc., 2004 U.S. Dist. LEXIS 13149 (S.D.N.Y., July 13, 2004)*

**DISPOSITION:** Plaintiff's motion to strike defendants' expert report granted.

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] For Dupont Flooring Systems, Inc., Plaintiff: Joseph G. Colao, Leader & Berkon, New York, NY; Joseph I. Fontak, Leader & Berkon, L.L.P., New York, NY.

For Discovery Zone, Inc., Defendant: George Toplitz, George N. Toplitz, Max E. Greenberg, Trager, Toplitz & Herbst, New York, NY.

For Discovery Zone, Inc., Counter Claimant: George Toplitz, George N. Toplitz, Max E. Greenberg, Trager, Toplitz & Herbst, New York, NY.

For Dupont Flooring Systems, Inc., Counter Defendant: Joseph I. Fontak, Leader & Berkon, LLP, New York, NY.

**JUDGES:** Sidney H. Stein, U.S.D.J.

**OPINIONBY:** Sidney H. Stein

**OPINION:**

MEMORANDUM ORDER

SIDNEY H. STEIN, U.S. District Judge.

Dupont Flooring Systems, Inc. brought this action against Discovery Zone, Inc. to recover $ 1.1 million in damages stemming from an alleged breach of a contract for the provision and installation of flooring materials. In its Amended Answer and Counter-Claims, Discovery Zone asserted counter-claims seeking more than $ 20 million in damages for destruction of business and lost profits. Dupont moved for summary judgment, which this Court granted on July 13, 2004, dismissing Discovery Zone's fifth counter-claim for destruction of business [*2] and lost profits, as well as its second and sixth counter-claims sounding in fraud. See *Dupont Flooring Sys. v. Discovery Zone, Inc., 2004 U.S. Dist. LEXIS 13149, 98 Civ. 5101, 2004 WL 1574629 (S.D.N.Y. July 14, 2004)*. The facts relevant to this dispute are set forth in the Court's July 14, 2004 Order and Opinion.

The Court rejected Discovery Zone's fifth counter-claim for destruction of business and lost profits because Discovery Zone presented no method of calculating the value of its business and failed to refute Dupont's showing that a variety of causes contributed to Discovery Zone's eventual bankruptcy. Following the dismissal of its counter-claim for destruction of business and lost profits, Discovery Zone submitted the report of Michael P. Murphy, a Managing Director at Mesirow Financial Consulting, on damages. Plaintiff objected to that report and moved to strike it on the grounds that "of the four categories of damages expressed in the Expert Report, the first two are barred by the Court's July 13, 2004 Opinion & Order on DFS' Motion for Summary Judgment ... and the second two are not based upon any expert opinion at all." (Letter of Joseph I. Fontak to the

Court, dated Nov. 10, 2004, at [*3] 1). Defendant responded that the report should not be stricken because it is sufficiently reliable pursuant to Fed. R. Evid. 702 and that the report's probative value outweighs the danger of unfair prejudice resulting from it pursuant to Fed. R. Evid. 403. (Letter of Kalvin Kamian to the Court, dated Nov. 22, 2004). On December 13, 2004, the parties submitted a joint request for extension of the time in which to depose Murphy. (Letter of Joseph I. Fotak, dated Dec. 13, 2004, at 1).

Michael P. Murphy's report outlines four categories of damages that Discovery Zone allegedly suffered: 1) lost profits due to incomplete performance by Dupont, 2) wasted advertising expenditures due to the inability of retail locations to open, 3) materials that Discovery Zone paid for yet never received and 4) cost overruns. (Michael P. Murphy, The Estate of Discovery Zone, Inc. Estimate of Damages, dated Nov. 4, 2004, at 3). The report is stricken because its content is not sufficiently reliable to be helpful to the jury, see Fed. R. Evid. 702, and because portions of the report are irrelevant, see Fed. R. Evid. 401, and unfairly prejudicial, see Fed. R. Evid. 403.

Lost Profits [*4]

Murphy's tabulation of lost profit derives from a mere subtraction of 1998 EBITDA from 1997 EBITDA for Discovery Zone locations that were not opened punctually, allegedly as a result of Dupont's breach of contract. Murphy fails to provide any support for the assumption in the report that those locations' respective EBITDA numbers for 1998 would have matched those of 1997 absent Dupont's alleged breach. The unfounded assumption underlying Murphy's calculations render them unhelpful and unnecessarily confusing to the jury. See Fed. R. Evid. 702, 403; Kumho Tire Co. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999); Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

Wasted Advertising Expenditures

Murphy has failed to offer an adequate basis for tabulating Dupont's liability for Discovery Zone's purportedly wasted advertising. No reliable methodology underlies Murphy's allocation factor, which results from dividing total advertising expenditures pro rata among the individual retail locations. (Michael P. Murphy, The Estate of Discovery Zone, Inc. Estimate of Damages, [*5] dated Nov. 4, 2004, at 9); See Fed. R. Evid. 702, 403; Kumho Tire Co. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999); Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Nothing in Murphy's report indicates that the costs or benefits of Discovery Zone's advertising would be exactly evenly divisible among each Discovery Zone retail location. Indeed, there is no basis set forth for any division whatsoever on a store-by-store basis. Moreover, Murphy fails to support his assumption that the entire pro rata share of advertising cost for each retail location delayed in opening was lost without any benefit derived.

The portions of the expert report opining on lost profits and wasted advertising expenditures are not merely methodologically unsound, but are also irrelevant to the litigation, given that the Court has already stricken defendant's counterclaim for lost profits and destruction of business damages. See Dupont Flooring Sys. v. Discover Zone, Inc., 2004 U.S. Dist. LEXIS 13149, 98 Civ. 5101, 2004 WL 1574629 (S.D.N.Y. July 14, 2004); Fed. R. Evid. 401 ("'Relevant evidence' means [*6] evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (emphasis added)).

Undelivered Materials

Murphy's recounting of the $ 600,000 of undelivered flooring materials does not derive from the rendering of an expert opinion; rather, he merely relays information found in the Nicholson affidavit and in Dupont's response to Discovery Zone's interrogatories. (Michael P. Murphy, The Estate of Discovery Zone, Inc. Estimate of Damages, dated Nov. 4, 2004, at 10). This is not an opinion that will be helpful to the jury, but rather the provision of a purported expert's imprimatur on facts regarding which he has no personal knowledge and which can be presented to the jury by those with knowledge of the facts. See Fed. R. Evid. 702.

Cost Overruns

Murphy opines that Discovery Zone suffered from $ 2.6 million in damages resulting from cost overruns. Yet, he acknowledges, "We have not attempted to quantify these damages in this report." (Michael P. Murphy, The Estate of Discovery Zone, Inc. Estimate of Damages, dated Nov. 4, 2004, at 11). Given [*7] that Murphy has failed to present a reliable basis or methodology for arriving at that number, the opinion will not be helpful to the jury. See Fed. R. Evid. 702; Kumho Tire Co., 526 U.S. 137, 143 L. Ed. 2d 238, 119 S. Ct. 1167; Daubert, 509 U.S. 579, 125 L. Ed. 2d 469, 113 S. Ct. 2786.

Conclusion

For the reasons set forth above, Michael P. Murphy's expert report is stricken in its entirety. The parties shall appear for a pretrial status conference on January 14 at 2 p.m. to set dates for the filing of pretrial submissions and for the trial.

2005 U.S. Dist. LEXIS 81, *

Dated: New York, New York

January 4, 2005

SO ORDERED:

Sidney H. Stein, U.S.D.J.