LEXSEE 1984 USDISTLEXIS 21259

**LIBRONT, et al. v. COLUMBUS McKINNON CORPORATION**

No. CIV-83-858E

**United States District Court for the Western District of New York**

*1984 U.S. Dist. LEXIS 21259; 36 Fair Empl. Prac. Cas. (BNA) 878*

**December 13, 1984**

**COUNSEL:** [*1]

Willard M. Pottle, Jr., Buffalo, N.Y., for plaintiffs.

William l. Rieth, Buffalo, N.Y., for defendant.

**OPINIONBY:**

ELFVIN

**OPINION:**

ELFVIN, District Judge: -- In this action under the Age Discrimination in Employment Act ("the ADEA"), *29 U.S.C. § 621* et seq. and the Fair Labor Standards Act ("the FLSA"), *29 U.S.C. § 201* et seq., plaintiffs have moved for Court authorization to send notice of the pendency of this action to other potential plaintiffs and defendant has moved to strike all class action allegations from the Complaint and for partial summary judgment with respect to plaintiff Libront's cause of action.

The complaint alleges *inter alia* that in July 1982 Libront, then sixty-four years old and an employee of defendant for over twenty-six years, had been informed by defendant's manager of corporate personnel that he was going to be laid off as of July 31, 1982 and that he could either accept an offered early retirement plan or be terminated without such plan's benefits. It is further alleged that subsequent to his July 30th acceptance "without prejudice" of early retirement, Lobront was replaced at the company by an individual under forty years of age.

The [*2] Complaint additionally states that defendant had purposefully utilized a scheme to force management and office rank employees, such as Libront, who were over forty yet less than seventy years old, to accept early retirement in order to replace them with younger individuals. Plaintiffs, Barnes and Quesnell have alleged that they were terminated from defendant's employ in July 1982 due to their ages -- fifty-five and fifty-six, respectively -- and that they were replaced by individuals under forty years of age.

Plaintiffs originally had sought to represent a class of approximately one hundred former employees of defendant pursuant to *Fed.R.Civ.P. rule 23(b)*. However this Court ruled December 5, 1983 that certification of a class under rule 23 would not be proper in this case inasmuch as subsection (c) of rule 23 provides for an "opt-out" class action procedure and section 16(b) of the FLSA *(29 U.S.C § 216*(b)), which the ADEA has incorporated by its section 7(b) *(29 U.S.C. § 626*(b)), allows as class members only those individual who have "opted-in" to the lawsuit, Accord *LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286 (5th Cir.1975).*

Plaintiffs now seek authorization from this [*3] Court to send notices concerning this action to other potential plaintiffs, containing information as to such persons' ability to opt into the present litigation. Although it is clear that this Court possesses the discretionary power to authorize the sending of such a notice under appropriate circumstances -- see *Braunstein v. Eastern Photographic Laboratories, 600 F.2d 335 (2d Cir. 1978),* cert. denied, *441 U.S. 944 (1979); Frank v. Capital Cities Communications, Inc., 88 F.R.D. 674*

1984 U.S. Dist. LEXIS 21259, *; 36 Fair Empl. Prac. Cas. (BNA) 878

*(S.D.N.Y. 1981)*, defendant has argued that plaintiffs have failed to shoulder their burden of demonstrating that the giving of notice is appropriate in the instant action.

Upon consideration of the remedial purposes of the ADEA and the FLSA, the fact that the three-year statute of limitations for a willful violation of the ADEA contained in *29 U.S.C. § 255*(a) will soon expire as to any employees allegedly improperly terminated or forced to retire by defendant in or about July 1982, as well as the arguments by counsel for both parties, I find that it is appropriate for plaintiffs' attorney to send a Court-approved notice to potential plaintiffs in this action. Cf., *Frank v. Capital* [*4] *Cities Communications, Inc., supra; Soler v. G&U, Inc., 86 F.R.D. 524, 528-530 (S.D.N.Y.1980)*.

Plaintiff's counsel has submitted as an attachment to his "Second Reply Affidavit on Motion for CLass Certification and Other Relief," a proposed notice and defendant has registered numerous objections to its form and substance. This Court has reviewed the proposed notice and has found that certain of defendant's points have merit. The notice must therefore be redrafted and submitted to this Court prior to any mailing to potential plaintiffs.

Initially it is noted that the draft is headed by the name of this Court and the caption of this case, which might give potential plaintiffs the erroneous impression that the notice is being sent by or at the request of the Court. There is no reason that such notice cannot be sent on plaintiffs' counsel's stationery and in the form of a letter, provided that the notice advises potential plaintiffs that they may retain attorneys of their own choosing to file the requisite consent to join the action. The draft is addressed to former employees of defendant, terminated after January 1, 1981, who were over forty years of age at such time. In view [*5] of the allegations in the Complaint the notice should only be sent to individuals who were terminated or who had elected early retirement from defendant on or after July 1, 1982 and who were over the age of forty at such time. In addition, the draft, which almost mirrors the court-approved notice utilized in *Monroe v. United Air Lines, Inc., 90 F.R.D. 638, 641-642 (N.D.Ill. 1981)*, should contain the language "This notice is for the sole purpose of determining the identity of those persons who wish to be involved in this case," rather than the "opportunity to join" language presently employed, and should also set forth the name, address and phone set forth the name, address and phone number of defense counsel.

The proposed "Consent to Join Class and Action" form should delete plaintiffs' attorney's name and the phrase "the attorney for the plaintiffs herein" in order to avoid any pressure upon potential plaintiffs to retain such counsel, and such form should also request the individual's date of birth and date of termination or retirement from defendant's employ.

Having considered the parties' positions and submissions regarding the geographic and time limitations that should [*6] apply to any approved notice, I hold that the eventual notice may be sent to former employees of defendant, regardless of the location at which they had worked for defendant, who had been terminated or who had elected early retirement between July 1, 1982 and the August 3, 1983 filing of the Complaint, *and* who were over forty years of age at the time of their departure from defendant's employ.

Addressing defendant's motion for partial summary judgment, my examination of the affidavits submitted in support of an in opposition to such motion has revealed the existence of numerous material and disputed factual issues concerning Libront's acceptance "without prejudice" of the offered early retirement, thereby precluding any award of partial summary judgment.

In accordance with the foregoing, counsel for plaintiffs is hereby directed to submit to the Court and to opposing counsel a proposed notice to potential plaintiffs in this action, with the revisions directed herein, within twenty (20) days of the entry of this Order. Defendant shall have ten (10) days to submit to the Court its objections, if any, to such notice and shall provide plaintiffs' counsel with the names and addresses [*7] of the potential plaintiffs delineated above within thirty (30) days of the entry of this Order.

Defendant's motions to strike the Complaint's class action allegations and for partial summary judgment are hereby ORDERED denied.