LEXSEE 1992 US DIST LEXIS 8384

IN RE: INFORMATION RESOURCES, SECURITIES LITIGATION,

Case No. 89 C 3772

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*1992 U.S. Dist. LEXIS 8384*

June 12, 1992, Decided
June 16, 1992, Docketed

LexisNexis(R) Headnotes

JUDGES: [*1] Williams

OPINIONBY: ANN CLAIRE WILLIAMS

OPINION:

MEMORANDUM OPINION AND ORDER

This matter is before the court on defendants' Information Resources, Inc., ("IRI") motion in limine to bar certain "New Claims" raised by the plaintiff, and the defendants' motion to extend the discovery cut-off date in this case. For the foregoing reasons the defendants' motion in limine is denied, and the motion for to extend the discovery cut-off date is granted.

Background

This shareholders' class action suit was brought on behalf of all persons, other than the defendants, who purchased or otherwise acquired IRI's common stock between February 6, 1989 and May 2, 1989 ("the plaintiff Class"). Plaintiffs brought their suit under Section 10b of the Securities Exchange Act of 1934, Rule 10b-5 of the same act, and state law. In their amended complaint ("the Complaint"), plaintiffs allege that the defendants violated the federal securities laws by making false and misleading statements from February 6, 1989 through April 1989, about IRI's finances and results from operations for 1988 and 1989. n1 The defendants answered the Complaint, and the parties conducted extensive discovery on plaintiffs' claims. Thousands [*2] of pages of documents were produced, the parties served and answered several sets of interrogatories, took over forty-five depositions, and exchanged reports from four separate experts.

n1 The complaint specifically identifies four misleading statements: (1) a February 6, 1989 press release announcing IRI's fourth quarter results; (2) February 14 and 15, 1989 public comments of IRI's chairman John Malec; (3) IRI's 10-K for 1988; and (4) IRI's Annual Report for 1988.

The report of plaintiffs' expert, Professor Dan Givoly ("Givoly"), is at issue in this motion. *Fed. R. Civ. P. 9(b)*, requires a party alleging fraud to allege the time, place and content of the fraud with particularity. Defendants contend that portions of Givoly's report should be barred because plaintiffs seek to establish a variety of entirely new theories for recovery which have never been pled at all, let alone with particularity. Defendants argue that while plaintiffs have generally alleged a fraudulent scheme to deceive the market and artificially [*3] inflate the price of IRI stock, Givoly's report challenges the accounting practices which IRI used to prepare its 1988 earnings statements. Defendants argue that these "newly proffered accounting theories" are new claims, which appear nowhere in the complaint, and that plaintiffs should be barred from presenting the these new claims. After reviewing the complaint, Givoly's report and the relevant case law, the court denies the defendants' motion.

Discussion

Defendants claim that plaintiffs have raised a number of new claims which focus on the accounting procedures

used by IRI to prepare its 1988 earnings and financial position (as announced in the February 6, 1989 press release), and that none of the new claims have been pleaded with particularity. Defendants specifically object to the following points made in Givoly's report:

A. That IRI used incorrect accounting methods and assumptions in reporting its financial results. (Givoly's Report, Def. Ex. A., at 2.)

B. That "management was in a position, at the beginning of 1989, to predict the consequences of these invalid assumptions on future reported income. (Id.)

C. That IRI failed to account for its survey-based [*4] research businesses as "discontinued operations" in 1988. (Id.)

D. That as of December 1988, IRI had incorrectly booked goodwill from the acquisition of its Medialink subsidiary. (Id. at 3.)

E. That "IRI employed revenue and expense recognition at methods that, aside from accelerating the booking of profits, tended to induce reversibility in reported results of consecutive accounting periods." (Id. at 14.)

F. IRI's 1988 financial statements were misleading for reasons entirely apart from those enumerated in paragraph 36 of the Complaint. (Id. at 16-26.)

The court rejects the defendants' argument because the "claims" made in Givoly's report are not new. The conclusions Givoly reaches in his report are encompassed by the allegations of plaintiffs' complaint.

The following allegations made in the complaint are relevant to this motion. First, plaintiffs allege that the defendants' February 6, 1989 press release was materially false and misleading (Complaint PP 19, 30), and there were misleading statements in IRI's 10-5 and Annual Report for 1988, such as the statement that IRI would have "a return to meaningful profitability in 1989" and that 1988 was a [*5] remarkable year of achievement which set the stage for a bright future." (Comp. P 25.) Plaintiffs also allege misrepresentations as to projected earnings for 1989, and that the defendants failed to disclose the need to close certain product markets, the unprofitability of IRI's survey based businesses, and IRI's problems with 1989 expenses and meeting other financial commitments. (Comp. PP 30, 35, 36.) Turning to defendants' objections to Givoly's report, the court finds that objections are unfounded because the points at issue are not "new claims". As is explained below, the conclusions reached in the report are encompassed by the complaint.

First, at A & B, defendants object to the finding that:

A & B. The IRI used incorrect accounting methods and assumptions in reporting its financial results, and that "management was in a position, at the beginning of 1989, to predict the consequences of these invalid assumptions on future reported income. (Givoly Report, Ex. A., at 2.)

This section of the report concerns evidence that the 1988 financial results made public on February 6, 1989 were themselves misleading, and evidence that because of the way the results were produced, the [*6] defendants should have been aware during the Class Period that a reversal in the company's profitability was inevitable. This section supports the plaintiffs' contentions that the defendants had no reasonable basis for the 1989 earnings projections made in February 1989, and later that year. The statements fall within the allegations made in the complaint.

C. IRI failed to account for its survey-based research businesses as "discontinued operations" in 1988." (Ex. A at 2.)

This statement is also encompassed by the allegations of the complaint. The complaint states that contrary to the defendants' positive statements about the IRI's financial performance and prospects for growth during the Class Period, IRI disclosed in late April 1989 that its survey based business would be sold or closed, resulting in a $ 1.2 million write-off against earnings (Comp. P 30.) The complaint discusses the survey business problems (Comp. P 36(b)), stating that the IRI never disclosed that it "could not profitably operate its survey-based businesses and would have to sell them at a loss." The Givoly report supports plaintiffs allegations that the survey based businesses should have been considered [*7] discontinued operations in 1988.

D. As of December 1988, IRI had incorrectly booked goodwill from the acquisition of its Medialink subsidiary. (Ex. A at 3.)

Givoly concludes that if the IRI had used proper accounting procedures and written off the Medialink goodwill, 1988 would not have been profitable for the company. This finding is not a new claim because it supports the complaints' allegations that the IRI's 1988 financial report was misleading.

E. IRI employed revenue and expense recognition methods that, aside from accelerating the booking of profits, tended to induce reversibility in reported results of consecutive accounting periods. (Ex. A at 14.)

This section of the report falls within the allegations made in the complaint. The revenue and expense

Case 3:00-cv-00705-CFD    Document 160-3    Filed 07/25/2005    Page 3 of 6

Page 3

1992 U.S. Dist. LEXIS 8384, *

recognition methods Givoly criticizes concern plaintiffs' claim that IRI's 1989 financial projections were not reasonably based. This section supports plaintiffs' allegations that the revenue and expense recognition methods used to achieve a "return to profitability" in 1988, required the company to "mortgage the future", i.e. 1989. (Comp. PP 35 (a) and (b).

According to the defendants, Givoly's report also suggests that: [*8]

F. IRI's 1988 financial statements were misleading for reasons entirely apart from those enumerated in P 36 of the Complaint. (Ex. A pp. 16-26.)

With respect to this argument, however, the defendants do not attempt to identify the alleged "new claims" in the eleven pages of the report. The defendants argument amounts to an assertion that is unsupported by any analysis or evidence, and it is rejected by the court.

In sum, the Givoly report supports the allegations made in plaintiffs' complaint. n2 Givoly's analysis of IRI's accounting methods and assumptions provides support for plaintiffs' allegations that defendants' statements concerning 1988 financial results and 1989 earnings were misleading, and also supports the claim that IRI's 1988 earnings and financial position, first made public in IRI's February 6, 1989 press release, were misleading. Therefore, the defendants motion to bar alleged new claims raised in the report is denied. n3

---

n2 The report specifically supports plaintiffs' allegations that the IRI's February 6, 1989 press release reporting the Company's 1988 financial results were misleading in indicating a material positive turnaround in the Company's financial fortunes" (Comp. PP 19, 30, 36); that there was no reasonable basis for Mr. Malec's statements in mid-February 1989 that IRI's 1989 earnings would range from 50 to 55 cents per share (Comp. PP 30, 35(b); and that the IRI's Annual Report and 10-K misrepresented IRI's financial condition as of year-end 1988 and its prospects for 1989 (Comp. PP 25, 30, 35(c), 36.) [*9]

n3 Defendants' suggestion that these claims are barred under the applicable statute of limitations is rejected for the same reason. The Givoly report does not contain new claims; it simply provides evidence on claims that were raised in plaintiffs complaint.

---

Defendants also argue that the Givoly report should be barred because none of the new claims are pleaded with sufficient particularity to withstand scrutiny under Rule 9(b). The court also rejects this argument. First, neither *Fed. R. Civ. P. 9*(b, or the cited cases suggest that a plaintiff must plead all of the evidence which will be used to support each allegation of fraud, and the report in this case is simply evidence regarding fraud alleged in the complaint. n4

---

n4 The cited provisions of *Graue Mill Development Corporation v. Colonial Bank & Trust Company, 927 F.2d 988, 992 (7th Cir. 1991)*, simply stand for the basic proposition that an allegation of fraud must be pleaded with particularity. There is no suggestion that the allegations of fraud in the complaint have not been stated with sufficient particularity, and the court has found that the statements made in the report are encompassed by the complaint.

---

[*10]

Further, the cited cases are not on point. Contrary to the facts presented in *Samuels v. Wilder, 871 F.2d 1346 (7th Cir. 1989)*, plaintiffs in this case have not modified their basic claim for fraud, namely that specific statements made by the defendants starting on February 6, 1989, and continuing through April 1989, were misleading and false in their presentation of 1988 financial results and 1989 earnings projections. The court has found that the statements made in the report are encompassed by the complaint and are not new claims. Samuels does not apply, and the court rejects defendants' argument that the report does not allege fraud with the particularity required by *Fed. R. Civ. P. 9(b)*. n5

---

n5 The court notes that the defendants have never alleged that the complaint itself fails to properly allege fraud under *Fed. R. Civ. P. 9(b)*.

---

Finally, the court agrees that even if the complaint did not encompass the Givoly report, the defendants were fully aware of the contents of the report from [*11] plaintiffs detailed answers to defendants' interrogatories, which also weighs against its exclusion. The answers to the interrogatories were served on defendants' counsel on December 30, 1991, and all of the alleged new claims were included in the interrogatory answers. n6 As noted in *Samuels v. Wilder, 871 F.2d 1346, 1350 (7th Cir. 1989)* and *Sundstrand Corp v. Standard Kollsman Indus., 488 F.2d 807 (7th Cir. 1973)*, when a defendant is given notice

of additional claims through discovery, courts are not inclined to dismiss those claims. For all of these reasons the court denies the defendants' motion in limine. n7

n6 See Pl. Exs. A and B.

n7 The court also agrees that the defendants' brought this motion long after it should have been brought. The defendants waited to file this motion in limine until a month alter the statute of limitations in this case had expired, even though they had knowledge of the arguments raised in the report by December 1991 (when they received the answers to their interrogatories). Further, the defendants should have had "actual knowledge" of the information contained in the report long before April 1992, since they received a letter on the contents of the report in September 1991, and the report was actually delivered to them in February 1992. Since the defendants should have been aware of the existence of the report, if they were not in receipt of the report they should asked plaintiffs counsel about it. The bottom line is that the defendants should have brought this motion long before now.

[*12]

**Motion for Extension of Time**

The parties are given additional time to consult with experts regarding plaintiff's evidence on IRI's accounting practices, and to depose Mr. Givoly. The parties will also schedule dates for the deposition of defendants' expert Michael Wagner, and a date for the completion of Mr. Malec's deposition. Mr. Malec is ordered to appear for his deposition on whatever date is agreed upon by the parties. The court will set a cut-off date at the June 12 status call.

**Conclusion**

For the foregoing reasons, the defendants' motion in limine to bar the Givoly report is denied, and the motion for an extension of the discovery cutoff is granted.

**ENTER:**

**Ann Claire Williams, Judge**

**United States District Court**

**Dated: June 12, 1992**

100V99

\*\*\*\*\*\*\*\*\*\*   Print Completed   \*\*\*\*\*\*\*\*\*\*

Time of Request:     July 25, 2005   01:38 PM EDT

Print Number:        1842:54129145
Number of Lines:     173
Number of Pages:

Send To:  KORNHISER, DIERDRE
          MILBERG WEISS BERSHAD & SCHULMAN LLP
          1 PENN PLZ
          NEW YORK, NY 10019

```
                                                                    100V99
Print Request:    LEXSEE

Time of Request: July 25, 2005   01:39 PM EDT

Number of Lines: 317
Job Number:       1842:54129256

Client ID/Project Name: 200138-00001 dxk

Note:




Research Information:

Lexsee 2001 us dist lexis 10975











Send to:   KORNHISER, DIERDRE
           MILBERG WEISS BERSHAD & SCHULMAN LLP
           1 PENN PLZ
           NEW YORK, NY 10019
```