IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE PE CORPORATION SECURITIES LITIGATION | Master File No. 3:00CV705(CFD) |

[~~PROPOSED~~] **CFD** ORDER PROVIDING FOR NOTICE TO THE CLASS OF PENDENCY OF CLASS ACTION

WHEREAS, by Order dated March 31, 2005 (the "Certification Order"), the Court granted the Motion for Class Certification filed by lead plaintiffs David Berlin and Vinh Voung and certified this action as a class action on behalf of all persons who purchased PE Corporation Celera Genomics Group ("Celera") common stock in a Secondary Public Offering conducted by PE Corporation on or about February 29, 2000 and who were damaged thereby (excluding defendants, members of the immediate family of each corporation, officer, director or other individual or entity in which any defendant has a controlling interest or which is related to or affiliated with any of the defendants, and the legal representatives, agents, heirs, successors or assigns, of any such excluded party);

WHEREAS, the Certification Order also appointed David Berlin and Vinh Voung as class representatives in this action, and appointed Milberg Weiss Bershad & Schulman LLP lead counsel and Hurwitz, Sagarin & Slossberg, LLC liaison counsel for the class (collectively, "Class Counsel");

WHEREAS, on September 6, 2005, the United States Court of Appeals for the Second Circuit denied the Petition of Defendants PE Corporation (N/K/A/Applera Corporation), Tony L. White, Dennis Winger and Vikram Job For Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f);

WHEREAS, the Court approved Plaintiffs' Proposed Notice of Pendency of Class Action on November 15, 2005;

THE COURT HEREBY ORDERS that:

(a) Celera shall authorize and direct its transfer agent to provide Class Counsel a listing of all shareholders of record of Celera who were issued Celera stock between February 29, 2000 and March 31, 2000 no later than twenty (20) calendar days following entry of this Order, in order to identify the names and addresses of those persons and entities who may be record class members. Such listing shall be furnished either in the form of pre-printed adhesive mailing labels or shall be made available in computer-accessible form so as to facilitate prompt mailing at reasonable cost. Plaintiffs shall reimburse the transfer agent for reasonable costs incurred to extract the names and addresses of the shareholders above for purposes of providing notice, within a reasonable time;

(b) Class Counsel shall: (i) within ten (10) calendar days of the date it receives from Celera or Celera's transfer agent the listing described in paragraph (a) above, cause the Notice of Pendency of Class Action, substantially in the form annexed hereto as Exhibit A (the "Class Notice"), to be sent by regular mail, postage prepaid, to those persons identified pursuant to paragraph (a) above; and (ii) within twenty-one (21) calendar days of the date it receives from Celera or Celera's transfer agent the listing described in paragraph (a) above, cause the Summary Notice of Pendency of Class Action, substantially in the form annexed hereto as Exhibit B (the "Summary Class Notice"), to be published one time in the national edition of *The Wall Street Journal*;

(c) Securities brokers or other nominees who purchased Celera stock pursuant to or traceable to Secondary Offering for the beneficial interest of another person or entity (or depositaries that held securities for any such brokers or nominees) shall, within fourteen (14)

calendar days of the date of their receipt of the Class Notice, either: (i) provide to the designated representative of Class Counsel the name and last known address of each such person or entity for whom or which the securities were purchased and such designated representative shall forward the Class Notice to the beneficial owners; or (ii) obtain from the designated agent of Class Counsel the requisite number of Class Notices and, within seven (7) calendar days of receipt of such Class Notices, mail the Class Notice directly to the beneficial owners of the securities referred to herein. Upon any mailing pursuant to subparagraph (ii) of this paragraph, such securities broker, depositary or nominee shall send a statement to the designated representative of Class Counsel confirming that the mailing was made as directed. Class Counsel shall reimburse such securities brokers, depositaries and nominees for their reasonable costs in complying with this paragraph after receiving appropriate supporting documentation;

(d) Within a reasonable time after the later of the completion of mailing of the Class Notice or the publication of the Summary Class Notice as set forth in paragraph (b), Class Counsel shall cause an affidavit or affidavits to be filed with the Clerk of the Court and served upon all parties to evidence the fact that the Class Notice was mailed and the Summary Class Notice was published; and

(e) The deadline for requests for exclusions and entries of appearances pursuant to Fed. R. Civ. P. 23(c)(2) as set forth in the Class Notice shall be ninety (90) calendar days from the date of the initial mailing of the Class Notice. Within two weeks after the deadline for requests for exclusions, Class Counsel shall cause an affidavit to be filed with the Clerk of the Court and served by hand on all parties which shall provide a list of all persons or entities from whom exclusion requests have been received, identified by name and address.

_____
Christopher F. Droney
United States District Judge

Dated: Dec. 14, 2005