IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE PE CORPORATION SECURITIES LITIGATION | : : : : : | Master File No. 3:00CV705(CFD) |

## NOTICE OF PENDENCY OF CLASS ACTION

TO:   ALL PERSONS WHO PURCHASED THE COMMON STOCK OF PE CORPORATION CELERA GENOMICS GROUP ("CELERA") IN OR TRACEABLE TO A SECONDARY PUBLIC OFFERING OF CELERA COMMON STOCK CONDUCTED BY PE CORPORATION ON OR ABOUT FEBRUARY 29, 2000, EXCLUDING DEFENDANTS, MEMBERS OF THE INDIVIDUAL DEFENDANTS' IMMEDIATE FAMILY, PE CORPORATION'S OFFICERS AND DIRECTORS, ANY ENTITIES IN WHICH ANY DEFENDANT HAS OR HAD A CONTROLLING INTEREST, ANY ENTITIES THAT ARE A PARENT OR SUBSIDIARY OF OR ARE CONTROLLED BY PE CORPORATION, AND ANY AFFILIATES, LEGAL REPRESENTATIVES, HEIRS, PREDECESSORS, SUCCESSORS AND ASSIGNS OF ANY OF THE EXCLUDED PARTIES.

YOU ARE HEREBY NOTIFIED pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and an Order of the United States District Court for the District of Connecticut ("the Court") of the pendency of this class action lawsuit (the "Action").

**THIS NOTICE IS TO INFORM YOU THAT A CLASS ACTION HAS BEEN CERTIFIED AND THAT, IF YOU FIT INTO THE CLASS DEFINITION BELOW, YOU WILL BE DEEMED PART OF THE CLASS UNLESS YOU EXPRESSLY EXCLUDE YOURSELF FROM THE CLASS IN WRITING PURSUANT TO THE INSTRUCTIONS BELOW.  THIS NOTICE IS ALSO TO INFORM YOU OF THE NATURE OF THE ACTION AND OF YOUR RIGHTS IN CONNECTION WITH IT.**

## CLASS DEFINITION

1.    On March 31, 2005, the Court entered an order certifying this Action as a class action on behalf of a Class defined as follows:

> [A]ll persons who purchased PE Corporation Celera Genomics Group ("Celera") common stock in a Secondary Public Offering conducted by PE Corporation on or about February 29, 2000 and who were damaged thereby.

2.    Defendants in this action are PE Corporation, Tony L. White, Dennis L. Winger and Vikram Jog.

3.    This Notice is being sent to you based on information that you may be a member of the Class. If you purchased the common stock of Celera ("Celera Stock") pursuant to or traceable to the Secondary Offering on or about February 29, 2000, as specified above, you are deemed a member of the Class unless you expressly exclude yourself in writing pursuant to the instructions below. If you do not meet the Class definition, the Notice does not apply to you and you may disregard it. If you are uncertain whether you are a Class member, you should contact counsel for the Class (listed in paragraph 18) or your own attorney.

4.    The purpose of this Notice is to inform you that the Action is pending and provide you with information as to the courses of action you may take if you are a Class member. Depending on the eventual outcome of this Action, Class members may or may not recover money damages on the claims asserted. This Notice, however, is not an expression of an opinion by the Court as to the merits of any of the claims or defenses asserted by either side in this Action and is not intended to suggest any likelihood that Class members will be entitled to recover such damages.

## BACKGROUND OF THE ACTION

5.    The Action consolidates several actions alleging violations of the Securities Act of 1933 that were brought in this Court against PE Corporation ("PE") and the following officers

2

and directors: Tony L. White, Dennis L. Winger and Vikram Jog (the "Individual Defendants") (PE and the Individual Defendants are referred to herein collectively as the "Defendants").

6. Pursuant to provisions of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, by Order dated July 6, 2001, the Court appointed David Berlin and Vinh Voung as the Lead Plaintiffs in the Action and approved their choice of Milberg Weiss Bershad & Schulman LLP as Lead Counsel and Hurwitz, Sagarin & Slossberg, LLC as Liaison Counsel in the Action.

7. On August 20, 2001, Lead Plaintiffs filed their First Amended Consolidated Class Action Complaint (the "Complaint") alleging that the Defendants made materially false and misleading statements and omissions to the investing public in the Registration Statement or Prospectus incorporated therein, issued in connection with the February 29, 2000 Secondary Offering (the "Secondary Offering"), thereby allegedly artificially inflating the offering price of Celera's common stock.

8. In the Action, plaintiffs allege that throughout the relevant period, Defendants concealed material adverse information concerning Celera's stated business plan by issuing a series of false and misleading statements to the public and by omitting material facts from those disclosures necessary to render the statements not misleading. Specifically, plaintiffs allege that Defendants misrepresented and failed to disclose that: (i) Celera needed exclusive rights to the human genome sequence to implement its stated business plan sequence; (ii) a collaboration with the Human Genome Project was critical to Celera's ability to obtain exclusive rights to the human genome sequence that was necessary to implement its business model; (iii) collaboration discussions between Celera and the Human Genome Project, which had occurred throughout the Fall of 1999, culminated at a December 29, 1999 meeting, after which Celera knew it would not

be able to achieve the necessary collaboration with the Human Genome Project; and (iv) Celera was incapable of producing patentable gene sequences. Plaintiffs allege that these material misrepresentations and omissions caused Celera's statements in the Registration Statement and Prospectus to be materially false and misleading, thereby artificially inflating the price of Celera's stock, in violation of the federal securities laws.

9. On October 5, 2001, Defendants moved to dismiss the Complaint. By Order dated March 31, 2003, the Court denied Defendants' motions to dismiss.

10. Defendants deny that they violated the federal securities laws, deny all allegations of wrongdoing asserted against them, and deny that they failed to disclose material facts or misrepresented material facts in the Registration Statement and Prospectus. Defendants have also asserted affirmative defenses to the claims alleged in this case. Accordingly, Defendants assert that they are not liable to Lead Plaintiffs or other Class members.

11. The parties have completed fact discovery and have exchanged expert reports. Plaintiffs' discovery efforts included the review and analysis of documents, taking of depositions and exchange of expert reports. Defendants have moved for summary judgment. The summary judgment motion has been fully briefed and is currently pending before the Court.

12. **<u>IF YOU WISH TO REMAIN A CLASS MEMBER, YOU ARE NOT REQUIRED TO DO ANYTHING AT THIS TIME.</u>** If you remain a Class member, you will be bound by any judgment in this Action, whether it is favorable or unfavorable. If there is a recovery, you may be entitled to share in the proceeds, less such costs, expenses, and attorneys' fees as the Court may allow out of any such recovery. If you remain a member of the Class and Defendants or any other defendant who may be joined in the Action prevail in the Action, you may not pursue a lawsuit on your own with regard to any of the issues decided in this Action.

13. In the event of a recovery, you will be required to prove your membership in the Class and your purchase of Celera stock pursuant to or traceable to Secondary Offering and you may be required to provide additional proof or information.

14. **IN THE EVENT YOU WISH TO EXCLUDE YOURSELF FROM THE CLASS, YOU MUST MAKE A REQUEST IN WRITING:** In order to be valid, each such request for exclusion must set forth the name and address of the person or entity requesting exclusion, must state that such person or entity requests exclusion from the Class in *In PE Corporation Securities Litigation*, No. 3:00CV705(CFD), and must be signed by such person or entity ("Request for Exclusion"). Requests for Exclusion must be mailed to the Notice of Administrator at the following address:

> *In re PE Corp. Securities Litigation*
> PO Box 9000 #6377
> Merrick, NY 11566-9000
> (800) 295-4221

To be effective, your Request for Exclusion must be postmarked no later than _____, 2006. **Do not request exclusion if you wish to participate in this Action as a Class member.**

15. If you exclude yourself from the Class, you will not be bound by any judgment in this Action, nor will you be entitled to share in any recovery in this Action, should any recovery be obtained, but you may individually pursue any legal rights you may have against any of the Defendants.

16. If you do not request exclusion from the Class by _____, 2006 and you fit within the Class description, you will be considered a member of the Class, and you will be bound by any final judgment in this Action.

17. If you do not exclude yourself from the Class in the manner set forth above, you may enter an appearance in the Action personally or through your own counsel at your own expense.

18. As a member of the Class, you will be represented by the court-appointed class representatives, Vihn Voung and David Berlin, by the following court-appointed Lead Counsel for the class ("Lead Class Counsel").

> MILBERG WEISS BERSHAD & SCHULMAN LLP
> Sanford P. Dumain, Esq.
> Lee A. Weiss, Esq.
> One Pennsylvania Plaza
> New York, New York 10119
> (212) 594-5300
>
> and by the following court-appointed Liaison Counsel for the Class:
>
> HURWITZ, SAGARIN & SLOSSBERG, LLC
> David S. Slossberg, Esq.
> Brian Fournier, Esq.
> 147 N. Broad Street, P.O. Box 112
> Milford, CT 06460
> (203) 877-8000

19. If you remain a Class member, you will not be personally responsible for any of plaintiffs' attorneys' fees or costs. Any fees or costs ultimately allowed by the Court to plaintiffs' counsel will be paid out of the recovery in the Action, if any.

20. **SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES:** If you purchased Celera stock pursuant to or traceable to the Secondary Offering for the beneficial interest of a person or entity other than yourself, the Court has directed that, within fourteen (14) days of your receipt of this Notice, you either: (a) provide to the Notice Administrator identified below the name and last known address of each person or entity for whom or which you purchased such securities during such time period or (b) request additional

copies of this Notice, which will be provided to you free of charge, and within seven (7) days mail the Notice directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Notice Administrator confirming that the mailing was made as directed. You are entitled to reimbursement of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of reasonable postage expenses and the reasonable costs of ascertaining the names and addresses of beneficial owners. Those reasonable expenses and costs will be paid upon request and submission of appropriate supporting documentation. All communications concerning this Notice, including Requests for Exclusion, should be addressed to the Notice Administrator at the address provided in paragraph 14 above.

>*In re PE Corp. Securities Litigation*
>PO Box 9000 #6377
>Merrick, NY 11566-9000
>(800) 295-4221

21.    If this Notice was sent to you at your current address, you do not have to do anything further to receive further notices concerning this Action. If it was forwarded by the postal service, or if it was otherwise sent to you at an address which is not current, you should immediately contact the Notice Administrator referred to in paragraph 14 above.

## AVAILABILITY OF FILED PAPERS

22.    This Notice does not fully describe all of the claims and contentions of the parties. The pleadings and other papers filed in this Action are available for inspection, during business hours, at the Office of the Clerk of the Court, United States District Court for the District of Connecticut. In addition, you may obtain a copy of the Complaint by contacting Lead Class Counsel, whose names, addresses, and telephone numbers are listed in paragraph 18 above.

23. If you have any questions about this Notice, you may consult an attorney of your own choosing, or Lead Class Counsel, whose names, addresses, and telephone numbers are listed in paragraph 18 above.

## PLEASE KEEP YOUR ADDRESS CURRENT

To assist the Court and the parties in maintaining accurate lists of Class members, you are requested to mail notice of any changes in your address to:

*In re PE Corp. Securities Litigation*
PO Box 9000 #6377
Merrick, NY 11566-9000
(800) 295-4221

Dated: _____, 2005

    BY ORDER OF THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF CONNECTICUT