UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PE CORPORATION SECURITIES LITIGATION | : Master File No. 3:00-CV-705(CFD) <br> : <br> : JANUARY 25, 2008 <br> : <br> : |

### DEFENDANTS' STATUS REPORT

Defendants Applera Corporation (f/k/a PE Corporation), Tony White, Dennis Winger and Vikram Jog (collectively "Defendants") respectfully submit this status report pursuant to the Court's Order dated January 7, 2008.

**Procedural Background**

This action was filed on April 19, 2000, challenging the accuracy of a registration statement and prospectus prepared in connection with PE Corporation's February 2000 secondary public offering of common stock. Subsequently the court appointed David Berlin and Vihn Vuong as Lead Plaintiffs and Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss") as Plaintiffs' Lead Counsel.

On April 24, 2006, with fact and expert discovery in this matter complete and Defendants' motion for summary judgment fully briefed, the parties reached a tentative agreement on fundamental terms to settle this matter. Defendants participated in this tentative agreement solely to avoid the costs and uncertainties inherent in litigation. The parties worked diligently to complete a written settlement agreement where, motivated by public reports of illegal activities by Milberg Weiss, Defendants requested a simple representation as to no wrongdoing on the part of the Plaintiffs and their counsel in this case. This representation

prompted highly unusual reactions from the Plaintiffs and their counsel, including unexplained withdrawal of various attorneys and one of the two named plaintiffs, which delayed the execution and submission of final settlement papers for court approval. Precluded from knowledge about Milberg Weiss' improprieties but concerned about the fairness of any settlement to all parties – particularly the large class of shareholders allegedly represented by Milberg Weiss – Defendants deferred to the Court to assure propriety in this matter.

## The Milberg Weiss Indictment

As the Court is aware, Milberg Weiss is the subject of a broad pending criminal investigation. That matter has been dynamic, where initial denials by Milberg Weiss have been followed by admissions of illegal practices from various Milberg partners, including attorneys involved in this case.[1] Defendants have not been privy to anything more than public reports about the investigation, but remain concerned that the pattern of illegal practices (alleged to have occurred over more than 20 years) may relate to this case.[2]

---

[1] Certain individuals identified in or connected with the indictment have played roles in this litigation. David Bershad, then a senior Milberg Weiss partner, was one of the two individual partners indicted by the grand jury. Attorney Bershad personally negotiated (prior to the indictment) the settlement amount agreed to in this case with Defendants and their insurers. Robert Sugarman, a former Milberg Weiss partner, was identified in the press as one of the key witnesses providing information to the U.S. Attorney relevant to the indictment. Attorney Sugarman is non-lead counsel in this litigation and personally represented one of the Lead Plaintiffs – David Berlin – in his deposition.

[2] In the second half of 2007, several of the individuals implicated in the Milberg Weiss indictment pled guilty.

On July 9, 2007, Attorney Bershad was charged in a criminal information with conspiring to obstruct justice and to make false statements under oath. In a plea agreement also filed that same day, Attorney Bershad pled guilty to the conspiracy charge, to forfeit $7.75 million, to pay a $250,000 fine, and to cooperate in the government's ongoing investigation and prosecution of other participants in the conspiracy.

On September 18, 2007, William Lerach, a former partner in Milberg Weiss who left the firm in 2004, also pled guilty to a single conspiracy count, forfeit and be fined a total of $8 million, and accept a sentence of 1 to 2 years.

On September 19, 2007, Steven Schulman, also a former Milberg Weiss partner, pled guilty to a racketeering conspiracy. Schulman also agreed to pay a fine of $250,000 and forfeit $1,850,000. Three individuals who served as plaintiff in various class actions brought by Milberg Weiss -- Howard Vogel, Steven Cooperman and Seymour Lazar -- have also entered guilty pleas.

On September 19, 2007, Melvyn Weiss, name partner in Milberg Weiss, was indicted. Melvyn Weiss and Milberg Weiss deny the charges contained in the indictments.

Acknowledging the Court's role in assuring fairness of any settlement, together with its better access to confidential information relating to the government's investigation of Milberg Weiss, Defendants have relied on the Court to protect the propriety of any settlement in this matter – particularly given the broad impact of any settlement on a large class of shareholders not present through the Court proceedings. Defendants are not aware of the Court's efforts in this regard, including its private interactions with Plaintiffs or government investigators.

### Berlin and Sugarman Seek to Withdraw

In early July 2006, Milberg Weiss informed Defendants that Attorney Sugarman's client – Lead Plaintiff David Berlin – intended to withdraw from the case. Defendants were informed that same month that Attorney Sugarman also intended to withdraw. No explanation was provided for such withdrawals.[3] On October 16, 2006, Lead Plaintiffs' counsel at Milberg Weiss and Hurwitz Sagarin Slossberg & Knuff LLC moved to withdraw as counsel for Lead Plaintiff Berlin. Those motions were denied on September 11, 2007. By letter dated August 29, 2006, Defendants brought these issues to the Court's attention because the circumstances surrounding the purported withdrawals of Attorney Sugarman and Lead Plaintiff Berlin raised concerns that may impact the fairness of any class settlement in this case. Without better knowledge of the extent of Milberg Weiss' wrongdoing, Defendants have relied on the Court to assure the absence of any taint on this case and settlement thereof.

### October 17, 2006 Conference with Court

On October 17, 2006, the Court held a telephonic status conference. At the conclusion of that conference, the Court directed Defendants to provide certain documents that were submitted by letter dated October 20, 2006. The Court also directed Defendants to contact the U.S.

---

[3] No motion has been filed by either Attorney Sugarman or Lead Plaintiff Berlin to withdraw from this action.

Attorney's Office for the Central District of California to request any information that office could share that bears on the issues before the Court. On July 19, 2007, Assistant U.S. Attorney Douglas Axel responded by providing the Court with an *in camera* letter concerning this action and the criminal investigation that resulted in the Milberg Weiss indictment. Defendants are not privy to this letter or the current status/breadth of the ongoing criminal prosecution of Milberg Weiss, including its potential relationship to this case.

Defendants are available at the Court's convenience should the Court have any questions about these matters.

>DEFENDANTS PE CORPORATION,
>TONY L. WHITE, DENNIS L. WINGER
>and VIKRAM JOG
>
>By:  Stanley A. Twardy, Jr.
>    Stanley A. Twardy, Jr. (ct05096)
>    Thomas D. Goldberg (ct04836)
>    Terence J. Gallagher (ct22415)
>    Day Pitney LLP
>    One Canterbury Green
>    Stamford, CT 06901
>    (203) 977-7300
>    (203) 977-7301 (fax)
>    tdgoldberg@dbh.com(e-mail)
>
>    Michael J. Chepiga (ct01173)
>    William M. Regan (ct25100)
>    Simpson Thacher & Bartlett LLP
>    425 Lexington Avenue
>    New York, NY  10017
>    (212) 455-2000
>    (212) 455 2502 (fax)
>    mchepiga@stblaw.com (e-mail)
>
>Their Attorneys

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2008 a copy of the foregoing Defendants' Status Report was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    Stanley A. Twardy, Jr.
    Stanley A. Twardy, Jr.